UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br>CDCR #P-73824,<br><br>                              Plaintiff,<br><br>vs.<br><br>RALPH DIAZ; J. CLARK KELSO;<br>CHAPLAIN FABIAN HADJAJ;<br>CHERYLINE MANCUSI; NEIL<br>SCHNEIDER,<br><br>                              Defendants. | Case No.:  20-CV-2056 TWR (BLM)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Kohen Diallo Uhuru, proceeding pro se and currently housed at the California Health Care Facility located in Stockton, California, filed a civil rights action pursuant to 42 U.S.C. § 1983.  (*See* ECF No. 1 ("Compl.").)  Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a), however, or filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

§ 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  The Prison Litigation Reform Act's ("PLRA") amendments to § 1915, however, require all prisoners who proceed IFP to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. §§ 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed IFP to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of either the average monthly deposits in the account for the past six months or the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Because Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action nor filed a properly supported motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), his case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

**CONCLUSION**

In light of the foregoing, the Court:

/ / /

1.     **DISMISSES WITHOUT PREJUDICE** this civil action based on Plaintiff's failure to pay the $400 civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

2.     **GRANTS** Plaintiff forty-five (45) days' leave from the date this Order is filed to either (a) prepay the entire $400 civil filing and administrative fee in full, or (b) complete and file a motion to proceed IFP that includes a certified copy of his trust account statements for the 6-month period preceding the filing of his Complaint, *see* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b); and

3.     **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *in Forma Pauperis*."[1]

*If Plaintiff fails to either prepay the $400 civil filing fee or fully complete and submit the enclosed Motion to Proceed IFP within forty-five (45) days, this action will remain dismissed without prejudice without further Order of the Court based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement.*

**IT IS SO ORDERED**.

Dated:  October 20, 2020

_____
Honorable Todd W. Robinson
United States District Court

---

[1] Plaintiff is cautioned that, if he chooses to proceed further by either prepaying the full $400 civil filing fee or submitting a properly supported motion to proceed IFP, his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915A(b) and/or 1915(e)(2)(B), regardless of whether he pays the full $400 filing fee at once or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune).