1
2
3
4
5
6

7                    UNITED STATES DISTRICT COURT

8                   SOUTHERN DISTRICT OF CALIFORNIA

9

10   KOHEN DIALLO UHURU,                    Case No.:  3:20-cv-2056-TWR-BLM
     CDCR #P-73824,
11                                          **ORDER:**
                              Plaintiff,
12                                          **1)  DENYING MOTION TO**
              vs.                           **PROCEED IFP AS**
13                                          **BARRED BY 28 U.S.C. § 1915(g)**
                                            **[ECF No. 3];**
14   RALPH DIAZ; J. CLARK KELSO;
     CHAPLAIN FABIAN HADJAJ;                **2)  DISMISSING CIVIL ACTION**
15   CHERYLINE MANCUSI; NEIL                **FOR FAILURE TO PAY FILING**
     SCHNEIDER,                             **FEES REQUIRED BY**
16                                          **28 U.S.C. § 1914(a);**
                              Defendants.
17
                                            **3)  DENYING MOTION FOR**
18                                          **EXTENSION OF TIME TO FILE**
                                            **MOTION TO APPOINT COUNSEL**
19                                          **AS MOOT [ECF No. 4]**
20
21
22
23
24

25        Kohen Diallo Uhuru ("Plaintiff"), currently incarcerated at California Health Care

26   Facility ("CHCF") in Stockton, California, and proceeding pro se, has filed a civil rights

27   Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

28        Plaintiff claims prison officials at Richard J. Donovan Correctional Facility ("RJD")

                                            1

in San Diego, California, along with California Department of Corrections and Rehabilitation ("CDCR") officials, violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights while he was incarcerated there in 2016 and 2017. *See* Compl., at 1–6.

His pleading is dense, his myriad claims are convoluted, and he fails to attribute particular constitutional wrongs to any individual Defendant. Plaintiff has filed a Motion to Proceed *in forma pauperis* ("IFP"), along with a Motion to Appoint Counsel. (ECF Nos. 3, 4.)

## I.   28 U.S.C. § 1915(g)'s "Three Strikes" Bar

### A.   Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection

1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges that he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   Discussion

The Court has reviewed Plaintiff's Complaint and finds that it does not contain any "plausible allegations" that suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as summarized above, Plaintiff, who is now incarcerated at CHCF in Stockton, California, claims RJD and CDCR officials violated his constitutional rights while he was incarcerated in San Diego three or four years ago. *See* Compl., at 1. But § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the

3

danger existed at the time the prisoner filed the complaint."). Nor may it be based on "overly speculative," "fanciful," or "conclusory assertions." *Cervantes*, 493 F.3d at 1057 n.11; *see also Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017) ("Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of "imminent danger of serious physical injury" for purposes of § 1915(g). Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule.") (citation omitted)).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

Based on a review of its own dockets and other court proceedings available on PACER,[1] the Court finds that Plaintiff Kohen Diallo Uhuru, also known as Diallo E. Uhuru, and identified as CDCR Inmate #P-73824, has had seven prior prisoner civil actions and appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)     *Diallo v. Yarborough, et al.*, Civil Case No. 2:03-cv-05401-JVS-VBK (C.D. Cal. February 5, 2004) (Report and Recommendation ["R&R"] to Grant Defendants' Motion to Dismiss Complaint for failure to state a claim pursuant (ECF No. 28 at 11) ("The allegation of the Complaint are insufficient to state a claim against each individual defendant upon which relief can be granted."); (C.D. Cal. April 16, 2004) (Order Accepting R&R

---

[1]  The Court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

4

Granting Defendants' Motion to Dismiss, and Directing that Judgment be entered dismissing action without prejudice) (ECF No. 34 at 1–2) (strike one);

2)    *Diallo v. Moskowitz, et al.,* Civil Case No. 2:07-cv-07109-JVS-VBK (C.D. Cal. June 1, 2009) (Amended R&R Granting Defendants' Motion to Dismiss Complaint (ECF No. 48); (C.D. Cal. July 6, 2009) (Order Accepting and Adopting Amended R&R and dismissing the Complaint, "and the action, with prejudice.") (ECF No. 50 at 1–2) (strike two);

3)    *Diallo v. Greenman, et al.*, Civil Case No. 2:07-cv-02937-JVS-VBK (C.D. Cal. Sept. 21, 2009) (R&R Granting Defendants' Motion to Dismiss First Amended Complaint) (ECF No. 44 at 8, 25 ("[T]he allegations of the First Amended Complaint are insufficient to state a federal civil rights claim against Defendants.")); (C.D. Cal. Oct. 27, 2009) (Order Accepting & Adopting R&R and Dismissing First Amended Complaint, "and the action, with prejudice.") (ECF No. 47) (strike three);

4)    *Uhuru v. Spagnola, et al.*, Civil Cal. Civil Case No. 2:09-cv-05582-JVS-VBK (C.D. Cal. Feb. 8, 2010) (Order re Dismissal of Complaint with Leave to Amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)) (ECF No. 5); (C.D. Cal. May 5, 2010) (R&R & OSC re Dismissal for Failure to Prosecute) (ECF No. 9); (C.D. Cal. June 23, 2010) (Order Adopting R&R and Dismissing "the Complaint, and the action[.]") (ECF No. 10 at 1) (strike four);[2]

5)    *Uhuru v. Oliveros, et al.*, Civil Case No. 3:16-cv-02973-CAB-RBB (S. D. Cal. April 25, 2017) (Order Denying Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 5); (S.D. Cal. Aug. 28, 2017) (Order Denying Motion for Reconsideration and Re-Certifying that IFP Appeal would not be taken in Good Faith pursuant to 28 U.S.C. § 1915(a)(3)) (ECF No. 11) (strike five);

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

6)    *Uhuru v. Paramo, et al.*, Civil Case No. 3:17-cv-00960-GPC-BGS (S.D. Cal. May 26, 2017) (Order Denying Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 7) (strike six); and

7)    *Uhuru v. Paramo, et al*., Appeal No. 17-56364 (9th Cir. Ct. App. May 17, 2018) (Order Denying Motion to Proceed IFP and Dismissing Appeal "as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).") (Dkt. Entry 11) (strike seven).

Therefore, because Plaintiff has, while incarcerated, accumulated more than three "strikes" under § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III.    Conclusion and Orders

For the reasons discussed, the Court:

1)    **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

2)    **DISMISSES** this civil action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3)    **DENIES** Plaintiff's Motion for Extension of Time to File a Motion to Appoint Counsel (ECF No. 4) as moot;

/ / /

/ / /

/ / /

/ / /

/ / /

4)     **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

5)     **DIRECTS** the Clerk of Court to enter a final judgment and close the file.

**IT IS SO ORDERED**.

Dated:  November 30, 2020

Honorable Todd W. Robinson
United States District Court

7